# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| KIMON WHEELER; | ) | |
| DEMETRIUS HARRIS; and | ) | |
| CHRISTOPHER HARRIS; | ) | |
| | ) | No. 07 C 6880 |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY OF CHICAGO; Chicago | ) | |
| Police Officers | ) | |
| ALEJANDRO VARGAS, Star 14981; | ) | |
| ALFRED ROBINSON, Star 7060; | ) | Judge Coar |
| KEVIN SMITH, Star 14648; | ) | |
| PETERSON POHL, Star 6582; | ) | Judge Magistrate Valdez |
| JOSE ESTRADA, Star 11109; | ) | |
| LAWRENCE AIKIN, Star 4088; | ) | |
| RICHARD ALGHINI, Star 14603; | ) | |
| DAVE OSBORN, Star 18800; and | ) | |
| ROBERT ECONOMOS, Star 15375; | ) | Jury Demand |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

Defendant City of Chicago and Defendant Police Officers Alejandro Vargas, Alfred Robinson, Kevin Smith, Peterson Pohl, Jose Estrada, Lawrence Aikin, Richard Alghini, Dave Osborn and Robert Economos ("Defendants"), by their attorneys Mary McDonald and Suyon Reed, Assistant Corporation Counsels for the City of Chicago, hereby submit their answer to plaintiffs' complaint, affirmative defenses, 12(b)(6) defenses and jury demand as follows:

1.       This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER:** Defendants admit this is an action for money damages brought pursuant to 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

Defendants deny they engaged in any wrongdoing or deprived plaintiffs of rights secured by the Constitution and the laws of the United States.

2.     Jurisdiction for Plaintiffs federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

**ANSWER:** Defendants admit the allegations of this paragraph but deny they engaged in any wrongdoing or deprived plaintiffs of rights secured by the Constitution and the laws of the United States.

3.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

**ANSWER:**     Defendants admit venue is proper but deny they engaged in any wrongdoing or deprived plaintiffs of rights secured by the Constitution and the laws of the United States.

**Parties**

4.     Plaintiffs are citizens of the United States, and residents of Chicago, Illinois.

**ANSWER:**     On information and belief Defendants admit the allegations of this paragraph.

5.     Defendant police officers are duly appointed and sworn Chicago police officers,   At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

**ANSWER:**     Defendants admit the allegations of this paragraph but deny they engaged in any wrongdoing or deprived plaintiffs of rights secured by the Constitution and the laws of the United States.

6.     The Defendant-Officers are sued in their individual capacities.

**ANSWER:**     Defendants admit the allegations of this paragraph but deny they engaged in any wrongdoing or deprived plaintiffs of rights secured by the Constitution and the laws of the

United States.

7.    The CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**ANSWER:**    Defendants admit the allegations of this paragraph but deny they engaged

in any wrongdoing or deprived plaintiffs of rights secured by the Constitution and the laws of the

United States.

### Facts

8.    On or about December 21, 2005, at about 3:00 a.m., Plaintiffs were at a nightclub, The Buzz, located at 308 West Erie Street in Chicago.

**ANSWER:**    Defendants admit the allegations of this paragraph.

9.    While the Plaintiffs were in The Buzz, there was a physical altercation close to where the Plaintiffs were standing.

**ANSWER:**    Defendants are without information or knowledge sufficient to form a belief

as to the truth of the allegations of this paragraph.

10.    Security grabbed the Plaintiffs and other individuals close to the altercation and escorted them out of The Buzz.

**ANSWER:**    Defendants are without information or knowledge sufficient to form a belief

as to the truth of the allegations that security grabbed the Plaintiffs and other individuals close to the

altercation but admit that Plaintiffs were seen outside The Buzz.

11.    Defendant-Officers were outside The Buzz.

**ANSWER:**    Defendants admit the allegations of this paragraph.

12.    After the Plaintiffs were taken outside, a Defendant-Officer asked Plaintiff CHRISTOPHER HARRIS for his identification.

**ANSWER:**    Defendants admit the allegations of this paragraph.

13.    CHRISTOPHER told the Defendant-Officer that his identification was in his car.

**ANSWER:**    Defendants deny the allegations of this paragraph.

14.    CHRISTOPHER walked towards his car.

**ANSWER:**    Defendants admit that Christopher Harris attempted to walk away from them but are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

15.    Defendant ESTRADA tripped CHRISTOPHER and then tackled him to the ground.

**ANSWER:** Defendants deny that Defendant Estrada tripped and tackled Christopher Harris to the ground.  Defendants admit Defendant Estrada took Christopher Harris down to the ground.

16.    Once CHRISTOPHER was on the ground, Defendants ESTRADA and AIKIN sprayed CHRISTOPHER with OC spray.

**ANSWER:**    Defendants admit that Defendants Estrada and Aiken sprayed Christopher Harris with OC spray after he disregarded their verbal commands, resisted arrest and tried to get away.

17.    Defendants ESTRADA, AIKIN and ROBINSON then beat, kicked, and punched CHRISTOPHER.

**ANSWER:**    Defendants deny the allegations of this paragraph.

18.    While CHRISTOPHER was being beaten by Defendants ESTRADA, AIKIN and ROBINSON, Plaintiff DEMETRIUS HARRIS asked the officers what was going on.

**ANSWER:**    Defendants deny the allegations of this paragraph.

19.    Defendants ALGHINI, SMITH, ROBINSON, and BRENNAN grabbed DEMETRIUS, slammed him into a car, then choked him.

**ANSWER:**    Defendants admit Defendants Alghini, Vargas and Osborn grabbed Demetrius Harris but deny the remaining allegations of this paragraph.

4

20.    DEMETRIUS was handcuffed and placed into the back of a police car.

**ANSWER:**    Defendants admit the allegations of this paragraph.

21.    Plaintiff KIMON WHEELER watched as the Defendant-Officers beat DEMETRIUS and CHRISTOPHER.

**ANSWER:**    Defendants deny the allegations of this paragraph.

22.    While watching, a Defendant-Officer pointed at KIMON and said "get him."

**ANSWER:**    Defendants deny the allegations of this paragraph.

23.    KIMON attempted to get away from the scene but was tackled by Defendants VARGAS, POHL, and ROBINSON.

**ANSWER:**    Defendants admit that Kimon Wheeler attempted to get away but deny the remaining allegations of this paragraph.

24.    Defendants VARGAS, POHL, ROBINSON, OSBORN, and ECONOMOS then beat, kicked, and punched KIMON.

**ANSWER:**    Defendants deny the allegations of this paragraph.

25.    KIMON was handcuffed and placed into the rear of a squadrol.

**ANSWER:**    Defendants admit the allegations of this paragraph.

26.    Plaintiffs were transported to the 18th District police station.

**ANSWER:**    Defendants admit the allegations of this paragraph.

27.    Defendant-Officers transported KIMON to Lincoln Park Hospital for medical attention.

**ANSWER:**    Upon information and belief Defendants admit that Kimon was transported to Lincoln Park Hospital.

28.    CHRISTOPHER was charged with one count of battery and three counts of resisting arrest.

**ANSWER:**        Defendants admit the allegations of this paragraph.

29.    DEMETRIUS was charged with three counts of resisting arrest.

**ANSWER:**        Defendants admit the allegations of this paragraph.

30.    KIMON was charged with one count of battery and one count of resisting arrest.

**ANSWER:**        Defendants admit the allegations of this paragraph.

31.    Plaintiffs' charges were dismissed at the first court date on February 16, 2006.

**ANSWER:**        Upon information and belief Defendants admit the allegations of this paragraph.

32.    Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiffs' rights.

**ANSWER:**        Defendants deny the allegations of this paragraph.

33.    As a direct and proximate result of the acts of the Defendants described above, Plaintiffs have suffered and continue to suffer damages including loss of physical liberty, emotional distress, physical pain and suffering, mental anguish and humiliation, and special damages including medical expenses.

**ANSWER:**        Defendants deny the allegations of this paragraph.

## COUNT I
### (42 U.S.C. § 1983 - Excessive Force)

34.    Plaintiff CHRISTOPHER HARRIS realleges paragraphs 1 through 33 as if fully set forth herein.

**ANSWER:**        Defendants answers to paragraphs 1 through 33 are incorporated herein by reference as though fully set forth.

35.    The Defendants ESTRADA, AIKIN and ROBINSON violated Plaintiffs Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

**ANSWER:**        Defendants deny the allegations of this paragraph.

WHEREFORE, Defendants pray this Court dismiss, with prejudice, COUNT I of plaintiffs' complaint, and to award costs and other relief that this Court deems just and proper.

**COUNT II**
**(42 U.S.C. § 1983 - Excessive Force)**

36.    Plaintiff DEMETRIUS HARRIS realleges paragraphs 1 through 33 as if fully set forth herein.

**ANSWER:**    Defendants answers to paragraphs 1 through 33 are incorporated herein by reference as though fully set forth.

37.    The Defendants ALGHINI, SMITH, ROBINSON, and BRENNAN violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

**ANSWER:**    Defendants deny the allegations of this paragraph.

WHEREFORE, Defendants pray this Court dismiss, with prejudice, COUNT II of plaintiffs' complaint, and to award costs and other relief that this Court deems just and proper.

**COUNT III**
**(42 U.S.C. § 1983-Excessive Force)**

38.    Plaintiff KIMON WHEELER realleges paragraphs 1 through 33 as if fully set forth herein.

**ANSWER:**    Defendants answers to paragraphs 1 through 33 are incorporated herein by reference as though fully set forth.

39.    The Defendants VARGAS, POHL, ROBINSON, OSBORN, and ECONOMOS violated Plaintiffs Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

**ANSWER:**    Defendants deny the allegations of this paragraph.

WHEREFORE, Defendants pray this Court dismiss, with prejudice, COUNT III of plaintiffs'

complaint, and to award costs and other relief that this Court deems just and proper.

## COUNT IV
### (42 U.S.C. § 1983 - Failure to Intervene)

40.    Plaintiffs reallege paragraphs 1 through 33 as if fully set forth herein.

**ANSWER:**    Defendants answers to paragraphs 1 through 33 are incorporated herein by reference as though fully set forth.

41.    While Plaintiffs were subjected to excessive force as described above, Defendant-Officers had an opportunity to intervene, but chose not to intervene.

**ANSWER:**    Defendants deny the allegations of this paragraph.

42.    Defendant-Officers were deliberately indifferent to Plaintiffs' right to be free from excessive and unreasonable force.

**ANSWER:**    Defendants deny the allegations of this paragraph.

WHEREFORE, Defendants pray this Court dismiss, with prejudice, COUNT IV of plaintiffs' complaint, and to award costs and other relief that this Court deems just and proper.

## COUNT V
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

43.    Plaintiffs reallege all of the above paragraphs and counts as if fully set forth herein.

**ANSWER:**    Defendants answers all of the above paragraphs and counts are incorporated herein by reference as though fully set forth.

44.    The acts of the individual Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

**ANSWER:**    Defendants deny the allegations of this paragraph.

45.    Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant-Officers.

8

**ANSWER:**    Defendant Officers lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph. The City admits that it is liable for compensatory damages. The City denies that it is liable for any other judgments.

WHEREFORE, Defendants pray this Court dismiss, with prejudice, all counts of plaintiffs' complaint, and to award costs and other relief that this Court deems just and proper.

## AFFIRMATIVE DEFENSES

1.    As to all federal claims, at all times during the events alleged in Plaintiffs' Complaint, a reasonable police officer, objectively viewing the facts and circumstances confronting Defendants during the incident which allegedly provides the basis for the present case, would have reasonably believed that the actions taken by her were objectively reasonable and were within constitutional limits that were clearly established at the time. Defendants are, therefore, entitled to qualified immunity.

2.    "'Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation.'" Payne v. Chuchich, 161 F.3d 1030, 1039 (7th Cir. 1998) (citations omitted).

3.    Defendant Officers have absolute immunity for any testimony they may have given in plaintiffs' underlying criminal case. See Briscoe v. LaHue, 460 U.S. 325 (1983).

4.    To the extent Plaintiffs failed to mitigate any of their claimed injuries or damages, and verdict or judgment obtained by Plaintiffs must be reduced by application of the principle that Plaintiffs have a duty to mitigate, commensurate with a degree of failure to mitigate attributed to Plaintiffs by the jury in this case.

5.    Where Defendants may be liable in damages, the amount of damages to which Plaintiffs would otherwise be entitled must be reduced by application of principles of comparative fault, in proportion to the amount of the intentional, willful and wanton and negligent conduct of the Plaintiffs which was the proximate cause of their injuries.

6.    Defendants are not liable for any of plaintiffs' alleged claims because a public employee, as such and acting within the scope of his/her employment, is not liable for an injury caused by the act or omission of another person. 745 ILCS 10/2-204 (West 2007).

7.    The City is not liable to plaintiff if its employees or agents are not liable to the plaintiff. 745 ILCS 10/2-109.

**JURY DEMAND**

Defendants requests a trial by jury.

Respectfully submitted,

_____
MARY McDONALD
Assistant Corporation Counsel
30 N. LaSalle Street,  Suite 1400
Chicago, Illinois 60602
(312) 744-8307
(312) 744-6566 (Fax)
Atty. No. 06199995

 /s/Suyon Reed____
Suyon Reed
Assistant Corporation Counsel
30 N. LaSalle Street, Suite 1400
Chicago, Illinois 60602
(312) 744-3283
Atty. No. 06280973